IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| BRIAN MARSHALL, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 5:12-cv-00428-SWW |
| | * | |
| | * | |
| DREW CENTRAL SCHOOL DISTRICT; | * | |
| RENE NOWLES, MIKE PENNINGTON, | * | |
| CURLEY JACKSON, BRANDON | * | |
| SATTERLEE, and MIYOSHI SMITH, | * | |
| individually and in their official capacities | * | |
| as current and former members of the | * | |
| Drew Central School Board; WAYNE | * | |
| FAWCETT, individually and in his official | * | |
| capacity as former Superintendent of | * | |
| Drew Central School District; STEVEN M. | * | |
| NOBLE, individually and in his official | * | |
| capacity as former Principal of Drew | * | |
| Central High School; THEDA FRAN | * | |
| COLBERT, individually and in her official | * | |
| capacity as Bus Driver of Drew Central | * | |
| School District and in her official capacity | * | |
| as Secretary of Drew Central High School; | * | |
| and JOHN DOES A-Z and JANE | * | |
| DOES A-Z, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Plaintiff Brian Marshall filed a motion to compel discovery from the Drew Central School District and Wayne Fawcett [doc.#12]. The Drew Central School District and Fawcett did not respond to Marshall's motion to compel but did file, along with other defendants, a motion for summary judgment [doc.#21]. Marshall responded, stating, *inter alia*, that he is hampered in responding to separate defendants' motion for summary judgment because of the failure of the Drew Central School District and Fawcett to respond to his discovery.

By Order entered March 27, 2014 [doc.#46], the Court determined that it appeared the Drew Central School District and Fawcett had since responded to Marshall's discovery and, accordingly, found Marshall's motion to compel to be moot. The Court stated, however, that "to the extent the Drew Central School District and Fawcett have not responded to Marshall's discovery, the Court hereby directs that on or before April 14, 2014, the Drew Central School District and Fawcett provide Marshall full and complete responses to the discovery Marshall has served on them."

On April 21, 2014, Marshall filed a motion for sanctions against the Drew Central School District [doc.#47]. Marshall stated that although Fawcett earlier provided responses to his discovery requests, the Drew Central School District failed to comply with the Court's March 27th order to provide responses to Marshall's discovery requests. Marshall argued that the Drew Central School District should be sanctioned for its failure to respond to discovery.

The Drew Central School District responded in opposition to Marshall's motion for sanctions, stating that its failure to provide discovery was not intentional, and also requested an extension of time in which to respond to Marshall's discovery requests.

By Order entered May 6, 2014 [doc.#52], the Court granted the Drew Central School District's motion for an extension of time in which to respond to Marshall's discovery requests and granted in part and denied in part Marshall's motion for sanctions. Concerning sanctions, the Court ordered that Mr. W. Paul Blume, attorney for the Drew Central School District, reimburse Ms. P. Luevonda Ross, the attorney for Marshall, her reasonable attorney's fees and expenses incurred in preparing and filing Marshall's motion to compel discovery [doc.#12] and Marshall's motion for sanctions (and brief in support) [doc.#'s 47, 48]. The Court ordered that

Ms. Ross file her itemization of fees (including her standard hourly rate) and expenses on or before May 23, 2014, after which the Court would determine the amount of reasonable attorney's fees and expenses that Mr. Blume will be required to reimburse.

Now before the Court is Ms. Ross's motion for attorney's fees [doc.#53]. As set forth in her affidavit in support of her motion, Ms. Ross seeks attorney's fees in the amount of $1,500.00 representing 6 hours of work at an hourly rate of $250.00.[1]

The Court has examined hourly rates in various regions of Arkansas and finds that Ms. Ross's hourly rate of $250.00 is reasonable.[2] The Court will, however, reduce the number of hours that Ms. Ross claimed in preparing and filing her motion to compel and motion for sanctions. The substance of Ms. Ross's initial motion to compel [doc.#12] consists of less than two pages, contains no citations of authority, and, contrary to Local Rule 7.2, is not accompanied by a brief in support. The substance of Ms. Ross's motion for sanctions [doc.#47] consists of approximately one page while the substance of her brief in support [doc.#48] consists of approximately two pages and cites to routine provisions of the Federal Rules of Civil Procedure. Given the nature of these filings, the Court determines that two hours is a reasonable amount of time for Ms. Ross to have prepared and filed her motion to compel and her motion for sanctions.

---

[1] As the Court has previously determined that Ms. Ross is entitled to attorney's fees, her motion seeking same is moot. Rather, the Court will simply proceed to a determination of reasonable attorney's fees to which Ms. Ross is entitled.

[2] *Cf. All–Ways Logistics, Inc. v. USA Truck, Inc.*, No. 3:06-cv-0087, 2007 WL 4285410, *10 (E.D. Ark. Dec. 4, 2007) (this Court determined that an hourly rate of $300.00 was reasonable); *Shaw v. Allied Interstate,* No. 2:12-cv-02040, 2012 WL 6625380 (W.D. Ark. Dec. 19, 2012) (awarding $250.00 per hour, $200.00 per hour, and $150.00 per hour respectively to attorneys); *B & B Hardware v. Fastenal,* No. 4:10-cv-00317, 2011 WL 6829625, *9 (E.D. Ark. Dec. 16, 2011) (determining that an hourly attorney rate of "at least" $250.00 was reasonable).

IT IS THEREFORE ORDERED that within ten (10) days of the date of entry of this Order, Mr. Blume reimburse Ms. Ross the sum of $500.00.

Dated this 3rd day of June 2014.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE